In Special Term—April 1855.

Gholson, J. presiding.

### JOSEPH HOW *vs.* CHARLES BODMAN.

Where the petition alleges, "that the defendant published a false and malicious libel concerning the plaintiff," though it should appear from the petition, that the communication was a privileged one; held on demurrer, that the petition was good. It is no defence that the communication was privileged, if it should be *proved* to be *false* and *malicious*.

The rule is, that if the occasion be such as repels the presumption of malice, the communication is privileged; and the plaintiff must then, if he can, give evidence of malice; and if he gives no such evidence, it is the office of the Judge to direct a non-suit, or a verdict for the defendant.

The petition of the plaintiff alleged, that "the defendant published the following false, malicious, and defamatory libel concerning the plaintiff," and then set out the writing claimed to be libellous. This was in the form of a petition by the defendant to the City Council of Cincinnati, imputing charges of misconduct against the plaintiff as a tobacco inspector, and praying for his removal from office.

To this petition the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action.

The demurrer was argued by Fox and Chambers for plaintiff. E. Pendleton and Walker for defendant.

Gholson, J.

In this case I am asked on a demurrer to the petition to look at the writing alleged to be a false and malicious libel, and decide that the allegation cannot be true, and, therefore, that there is no sufficient cause of action.

When defamatory matter is published, which is false in fact, malice is a presumption of law. This presumption of malice is rebutted, if it appears from an examination

of the matter published, that it falls within the description of what are called privileged communications. It has been considered, that whether the matter published is to be deemed privileged, is a question of law. But, though the matter might be considered as privileged, this would be no answer to the action, if in its publication there was malice *in fact.* The matter being a privileged communication, only takes away the legal presumption of malice; it is no answer to the charge of publishing defamatory matter, which is false in fact, and published maliciously, and not *bona fide,* or from a proper motive. The protection which the occasion for the publication might otherwise afford, ceases, when it is shown, that it has been abused for malicious purposes, or from improper motives, and the responsibility for any false and defamatory statements is the same as in other cases.

The statement in this case is, that the defendant published a false and malicious libel concerning the plaintiff. Under this allegation, the plaintiff might offer proof to show that the writing published was in fact both false and malicious. The privilege claimed would be no answer to a case made out by direct proof of falsehood and malice. If, therefore, on looking into the writing, I should be of opinion that it was a privileged communication, it would not follow that the plaintiff had shown no cause of action. The things contained in the writing set out in the petition, reflect, injuriously, on the character of the plaintiff; if they have been written *falsely* and *maliciously,* there is a cause of action. How far the question of privilege may affect the character of the proof requisite to sustain the action, will be a proper matter of consideration on the trial, and it will, then, be the proper time to determine

67

whether the writing alleged to be a libel was a privileged communication. The rule is, that, if the occasion be such as repels the presumption of malice, the communication is privileged, and the plaintiff must then, if he can, give evidence of malice : if he gives no such evidence, it is the office of the Judge to say that there is no question for the jury, and to direct a nonsuit or a verdict for the defendant. Taylor *vs.* Hawkins, 16 *Q. B.;* 71 *E. C. L.* 308–321.

The demurrer to the petition will be overruled, and leave given to the defendant to answer.